UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

Select Space Logistics Company,

Debtor.

_____/

Chapter 11
Case No.:   6:12-bk-11206-KSJ
**Expedited Hearing Requested on
or before August 24, 2012**
**15 minutes requested**

**EMEREGENCY MOTION
FOR SANCTIONS AGAINST PNC BANK, NA FOR VIOLATION OF
AUTOMATIC STAY AND FAILURE TO COMPLY WITH THIS COURT'S ORDERS**

Debtor, Select Space Logistics Company, requests the entry of an order imposing sanctions

against PNC Bank NA for violating the automatic stay and failing to comply with this Court's orders

and states as follows:

**Certificate of Necessity**

Pursuant to F.R.B.P. 4001 and Local Rule 9004-2(d), the Debtor requests an expedited

hearing of this motion on or before August 24, 2012, because the Court has authorized the Debtor to

use cash collateral and pay its non-insider employees; however, PNC Bank, N.A.  refuses to release

the funds or honor the checks issued by Debtor post-petition.   If this motion is not heard on an

expedited basis, the Debtor will not be able to pay employees or continue operations, resulting in loss

of the going concern value of the Debtor and elimination of the opportunity for reorganization.

**The Motion**

1.      On August 17, 2012, the Debtor filed for relief under Chapter 11 of the Bankruptcy

Code (the "Petition Date").

G:\11363\motion for sanctions against PNC Bank.doc

2.      PNC Bank, N.A. ("PNC Bank") may assert a claim in the approximate amount of $1,670,000, secured by an interest in cash collateral.

3.      The Debtor has in excess of $600,000 on account with PNC Bank (the "Bank Account"), and is continuing to deposit money into the account.

4.      On the Petition Date, the Debtor filed a motion for the authority to use cash collateral ("Cash Collateral Motion") and motion to pay prepetition compensation and benefits to non-insiders ("Non-Insider Wages Motion") (Doc. Nos. 5 & 6). A proposed order was attached to the Cash Collateral Motion. PNC Bank was served with the Cash Collateral Motion and Non-Insider Wages Motion.

5.      PNC Bank issued a freeze on the Bank Account without notice, except by e-mail to Debtor's counsel *after* the Bank Account was frozen. As a result of PNC's actions, several checks issued by Debtor were returned, including checks to non-insider employees for wages.

6.      On August 22, 2012, this Court heard and granted the Cash Collateral Motion and Non-Insider Wages Motion. PNC Bank was present at the hearing and presented argument on the motions.

7.      PNC Bank has not filed any motions to lift the stay. Nothing was said at the hearing about refusing to honor the checks or freeze the Bank Account, nor was there any request to lift the stay to freeze of the Bank Account despite inquiry by the Court.

8.      Debtor had attempted to resolve this matter without Court intervention, including the following:

            a.      Several telephone calls to counsel for PNC Bank to lift the freeze;

2

    b.  Numerous changes to the proposed order on the Cash Collateral Motion were made throughout the day, even though it was attached as an exhibit to the motion, every one of which the Debtor consented to; and,

    c.  Requesting that the proposed order on the Cash Collateral Motion that was submitted to the Court with PNC Bank's consent be resubmitted to the Court when PNC Bank demanded additional changes after it was submitted;

  9.  Despite these accommodations, PNC Bank has continued to refuse to honor checks issued consistent with this Court's oral ruling. PNC Bank has exercised dominion over property of the estate in violation of the stay. The Debtor has done all it can to accommodate PNC Bank.

  10.  As a result of these actions, the Debtor has been damaged. The Debtor has lost good will in the marketplace and profound damages have been done to the non-insider wage earners employed by the Debtor. The employees have received checks that have bounced their checks, presenting hardship for those less fortunate. Insufficient funds charges have also occurred to those individuals who can't afford it.

  11.  Accordingly, Debtor seeks actual and punitive damages, including attorneys' fees and costs, against PNC Bank for violation of the automatic stay under section 362 of the Bankruptcy Code and failure to comply with this Court's orders.

  THEREFORE, it is requested that the Court enter an order issuing sanctions against PNC Bank and such other relief the Court deems appropriate.

**<u>Certificate of Service</u>**

I CERTIFY that a copy of this document was provided on August 24, 2012, by first class United States Mail and/or electronic notice to: James E. Foster, Attorney for PNC Bank, Akerman Senterfitt, 420 S. Orange Avenue, Suite 1200, Orlando, FL 32801-4904; and Miriam G. Suarez, Trial Attorney, Office of United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801.

<div style="margin-left:40%">

/s/ Frank M. Wolff

Frank M. Wolff
Florida Bar No. 319521
Jeanne A. Kraft
Florida Bar No. 0519324
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Drive
Orlando, FL 32804
Telephone (407) 648-0058
Facsimile (407) 648-0681
fwolff@whmh.com

Attorneys for Debtor and Debtor in Possession

</div>